FILED
AUG 31 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Waymond Rice, Jr.<br>Fed. Reg. # 05146-016<br>Rivers Correctional Institution<br>Post Office Box 630  /Unit A-5<br>Winton, NC 27986-0630<br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>Court Service and Offender<br>Supervision Agency for the<br>District of Columbia<br>300 Indiana Avenue N.W. Room 2070<br>Washington, DC 20001<br>　　　　　　　　Defendants. | Civil Action No._____<br><br>COMPLAINT<br><br>CASE NUMBER   1:06CV01546<br>JUDGE: Ricardo M. Urbina<br>DECK TYPE: Pro se General Civil<br>DATE STAMP: 08/31/2006 |

**PLAINTIFF'S COMPLAINT REQUESTING INJUNCTIVE
RELIEF AND PROTECTION**

NOW COMES the plaintiff, Waymond Rice Jr. pro se, and hereby respectfully request this Honorable Court to prevent the Court Service and Offender Supervision Agency (CSOSA) from its general denial of plaintiff's constitutional rights to due process and equal protection under the law. Plaintiff is currently incarcerated at the Rivers Correctional Institution in Winton North Carolina a privately runned facility contracted by the Bureau of Prisons pursuant to D.C. 24-101(c) (2001). Plaintiff asserts that he has been housed at Rivers since June 30, 2004, to a term of three (3) years incarceration and three (3) supervision for violation of D.C. Code § 23-1327(a) (2001) of the Bail Reform Act. Plaintiff asserts that he became eligible for release less good time credit on September 2, 2006. See Sentence Computation Data. CSOSA has superseded the judgment of the court when it ordered plaintiff to report to a 28 day <u>inhouse sanction center</u>

-1-

RECEIVED
JUL 27 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

thereby extending his <u>Statutory Release Date Projected 09-02-2006</u>. <u>See</u> Sentence Computation Data. Plaintiff asserts that he had a <u>Pre-Release Preparation Date</u> of <u>May 31, 2006</u> whereby CSOSA had enough time from the periods of <u>May 31, 2006</u> to <u>September 2, 2006</u> to place him in a inhouse sanction center without extemding his period of Statutory Release. Without plaintiffs statutory release date of September 2, 2006, he would have been released less good time earned to his expiration full term date of January 21, 2006. Plaintiff asserts that the defendants are in violation of 28 C.F.R. § 204(c)(2)(i) which provides "that before the Commission orders a change of conditions, the releasee **shall** be notified of the proposed modification or addition." At no time was plaintiff given notice or made aware that a change had been made to his sentence. Section 2.204(c)(2)(ii) does not apply to this case as plaintiff was placed on probation by the court. When plaintiff violated his court ordered probation the court reinstated the sentence of three (3) years imprisonment and three (3) years supervised release. Plaintiff was never under the supervision of the Bureau of Prisons or the U.S. Parole Commission. Defendents are in violation of the (APA) Administrative Procedure Act 5 U.S.C.§ 706(2)(A) and (D) because the defenants are failing to adhere to the procedures as set forth in 28 C.F.R. § 2.204(c)(2)(i). Further, defendants are violating plaintiff's Fifth Amendment right to due process, because there is a liberty issue at stake. The court has jurisdiction of judicial review of any government agency's decision making process if they are in violation of the (APA) as

authorized by 5 U.S.C. §701-706. See Lebrun v. England, 212 F.Supp.2d 5, 12 (D.C. Cir. 2002). The Commission can not show any reason or expectations that plaintiff would revert to prohibited acts while on supervision. Plaintiff has paid his dept to the community. In Gerber v. Norton, 294 F.3d 173, 178 (D.C. Cir. 2002) the court reasoned that its' "[t]ask is to determine whether the agency's decision was made 'without observance of procedure required by law'...or whether it was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'"

## RELIEF SOUGHT

Plaintiff Respectfully ask this Honorable Court to grant his request for INJUNCTIVE RELIEF and to RESTRAIN Court Service and Offender Supervision Agency (CSOSA) from violating its' own rule and procedures at 28 C.F.R. § 2.204(c)(2)(i) and the Administrative Procedures Act at 5 U.S.C. section 706(2)(A) and (D).

Respectfully submitted,

Waymond Rice, Jr.
Fed. Reg. # 05146-016
Rivers Correctional Institution
Post Office Box 630
Winton, NC 27986-0630

## CERTIFICATE OF SERVICE

I HEREBY DO CERTIFY, that a true and correct copy of this Complaint was mailed to: United States District Court For the District of Columbia, 333 Constitution Avenue NW, Washington, D.C. 20001, by placing the same in the Federal Prison's Legal Mailbox with sufficient first class postage.

Done this 25 day of July 2006.

> I hereby do certify that pursuant to Penalty of Perjury Title 28 U.S.C. § 1746 that on this 25 day of July 2006 I signed and mailed this document via the Federal Bureau of Prison's Legal Mail System.
>
> Respectfully submitted,
>
> *Waymond Rice, Jr.*
> Waymond Rice, Jr.
> Fed. Reg. # 05146-016
> Rivers Correctional Institution
> Post Office Box 630
> Winton, NC 27986-0630

cc: Court Service and Offender
    Supervision Agency for the
    District of Columbia
    300 Indiana Avenue NW, Room 2070
    Washington, DC 20001