UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WAYMOND RICE, JR., : | |
|     Plaintiff, : | Civil Action No. 06-1546 (RMU) |
| v. : | |
| COURT SERVICES AND OFFENDER : | |
|  SUPERVISION AGENCY, : | |
|     Defendants. : | |

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S "COMPLAINT" REQUESTING
INJUNCTIVE RELIEF AND PROTECTION**

The Court Services and Offender Supervision Agency ("CSOSA"), by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its opposition to what plaintiff has styled as a "complaint" for injunctive relief under the Administrative Procedure Act. Plaintiff recently was released from incarceration and, as a special condition of his supervised release, has completed a residential alcohol and drug assessment program and currently is in a residential treatment program. He appears to contend that this special condition of release impermissibly extended his period of incarceration. Because he is challenging the "fact or duration" of his confinement, his complaint should be construed as a habeas petition. As explained below, his habeas petition is without merit and should be summarily denied.

**BACKGROUND**

On March 3, 2003, in case number 2002-FEL-8273, in the Superior Court of the District of Columbia, plaintiff was sentenced to three years' imprisonment for a violation of the Bail Reform Act, to be followed by three years of supervised release and a two year term of supervised probation. Exh. A. Execution of the incarceration portion of the sentence was

suspended as to all but ninety days, the three year term of supervised release was suspended during service of the probationary period, and plaintiff was to receive alcohol counseling during probation and be assessed to determine whether he had a drug dependency issue. Id.

On April 22, 2004, the Superior Court revoked plaintiff's probation and sentenced him to three years' imprisonment and three years' supervised release. Exh. B. His release date, based on his good conduct time credits, was on or about September 1, 2006. Exh. C. Upon his release from incarceration, he would begin serving his three year term of supervised release. Exh. B.

In the months preceding September 2006, a release plan was formulated for plaintiff. See 28 C.F.R. § 2.203. CSOSA concluded that, "based all or in part on the offender's criminal and substance abuse history," plaintiff should participate at the Re-entry and Sanction Center ("RSC") as a special condition of his supervised release. Exh. D. CSOSA noted that "[t]he addition of this condition may aid the offender's reintegration into society, and possibly safeguard the community at large." Id. CSOSA thus requested that the United States Parole Commission ("the Commission") include the requirement that plaintiff participate at the RSC as a special condition of release.[1] Id.

CSOSA provided a written explanation to plaintiff, stating that he had been assessed to have a substance abuse problem, that the RSC was a 28-day assessment program, that he must complete that program or a "retake" warrant would be issued, that he would be assigned to a

---

[1] The Superior Court's original sentence called for alcohol counseling during probation and an assessment to determine if plaintiff had a drug dependency problem. In addition, plaintiff was arrested in May 2002 for distribution of heroin and possession of cocaine (case number 2002-FEL-2873) although this case was dismissed.

treatment program upon completion of the RSC program, and that the RSC was located at Karrick Hall, 1900 Massachusetts Avenue, S.E.  Exh. E.

On July 26, 2006, the Commission issued a Notice of Action to plaintiff.  Exh. F.  The Notice informed plaintiff in part that, pursuant to 28 C.F.R. § 2.204:

> You shall reside in and participate in a program of the Reentry and Sanction Center as instructed until discharged by the center director, but no later than 120 days from admission.
>
> In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer (inpatient or outpatient) approved by [CSOSA] for the treatment of narcotic addiction or drug dependency.  That program may include testing and examination to determine if you have reverted to the use of drugs.  You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

Id.

On September 1, 2006, plaintiff was released from the Rivers Correctional Institution and he began his term of supervised release.  Exh. C, G.  On or about September 2, 2006, plaintiff entered the RSC.  On or about September 29, 2006, he completed the RSC's 28-day assessment program and began receiving residential treatment at Seton House, which is part of Providence Hospital.  He is scheduled to complete residential treatment on October 27, 2006.  Once he is discharged from residential treatment, he will continue serving his supervised release term and will be bound to comply with the conditions attached to that term.

## ARGUMENT

In what he has styled as a complaint, plaintiff charges that "CSOSA has superseded the judgment of the court when it ordered plaintiff to report to a 28 day inhouse sanction center thereby extending his Statutory Release Date Projected 09-02-2006."  Cmplt. at 1-2.  (emphasis

in original). He thus appears to argue that the requirement that he participate at the RSC impermissibly extends his period of incarceration and thereby changes or modifies his sentence in violation of his constitutional rights. Therefore, his Complaint, in substance, is a challenge to the fact or the duration of his confinement. Accordingly, his Complaint properly is construed as a habeas petition. Cf. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973) (prisoner in state custody must proceed via habeas and may not use a § 1983 action to challenge "the fact or duration of his confinement").

"The writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C.§ 2241(c)(3). The record shows that plaintiff is not being held in violation of his constitutional rights and therefore his habeas petition should be summarily denied.

When a prisoner is released from the incarceration portion of his sentence to begin serving a term of supervised release, the Commission imposes certain conditions of release with which the prisoner must comply. See 28 C.F.R. § 2.204(a). In addition, the Commission may impose special conditions of release:

> (b)(1) Special conditions of release. The Commission may impose a condition other than a condition set forth in paragraphs (a)(3)-(6) of this section if the Commission determines that such condition is necessary to protect the public from further crimes by the releasee and provide adequate supervision of the releasee.
>
> (2) The following are examples of special conditions frequently imposed by the Commission--
>
> (I) That the releasee reside in or participate in the program of a community corrections center, or both, for all or part of the period of supervision;
>
> (ii) That the releasee participate in a drug-or alcohol-treatment program, and abstain from all use of alcohol and other intoxicants....

28 C.F.R. § 2.204(b) (emphasis added).

Here, before plaintiff was released on September 1, 2006 to begin service of his term of supervised release, CSOSA formulated a release plan for him. As part of that plan, CSOSA determined (based on his criminal history and his substance abuse history) that it was in his interest and the community's interest that he participate in the RSC to be assessed for alcohol and drug dependency issues and that he thereafter complete a treatment program. In keeping with 28 C.F.R. § 2.204(b), these requirements were made a special condition of his supervised release. On September 1, 2006, plaintiff was released. On or about September 2, 2006, he began participation in the RSC as a condition of his supervised release. He has completed the RSC's assessment program and currently is in a residential treatment program at Seton House. Contrary to his claim, plaintiff's participation in the RSC and at Seton House does not extend his term of incarceration but rather constitutes part of his term of supervised release. Plaintiff thus is not being made to serve a longer period of incarceration than was ordered by the Superior Court, but instead is merely complying with the conditions of release that CSOSA has determined are in his best interests and in the best interests of the community.[2]

---

[2] Plaintiff also appears to argue that 28 C.F.R. § 2.204(c)(2)(i) was not complied with. That regulation provides that a supervised releasee has 10 days to comment on any changes to the conditions of supervised release, but it does not apply here because plaintiff was a prisoner, and not yet a supervised releasee, when the special condition of release at issue was added to his conditions of supervised release. Moreover, plaintiff was given notice that he was to comply with this special condition. Exh. E, F.

## CONCLUSION

For the reasons stated above, we respectfully request that the Court construe plaintiff's Complaint as a petition for habeas corpus and that the Court summarily deny the petition.

Respectfully submitted,

JEFFREY A. TAYLOR
D.C. Bar Number 498-610
United States Attorney

ROBERT D. OKUN
D.C. Bar Number 457-078
Chief, Special Proceedings Section


_____/s/_____
MARGARET J. CHRISS
D.C. Bar Number 452-403
Assistant United States Attorney
555 4th Street, N.W.
Special Proceedings Section
Washington, D.C.  20530
(202) 307-0874
facsimile (202) 514-8784

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, this 19th day of October 2006, I caused a copy of the foregoing Opposition to be served by first-class mail upon:

Waymond Rice, Jr.
DCDC# 166-493
Fed. Reg. # 05146-016
Seton House
1053 Buchanan St., N.E.
Washington, D.C. 20017

_____/s/_____
Assistant United States Attorney
